[No. 16756.  Department One.  May 13, 1922.]

SAMUEL M. CARLTON, *Respondent,* v. SAMUEL S. JURICH
*et al., Appellants.*[1]

APPEAL (337, 356)—BRIEFS—DISMISSAL—TIME FOR MOTION. An
appeal will not be dismissed for failure to file the briefs in time,
if they are filed before the motion to dismiss.

APPEAL (282, 353)—STATEMENT OF FACTS—NECESSITY—DISMISSAL.
An appeal in a case tried without a jury will not be dismissed simply
because there is no statement of facts.

BROKERS (18, 32)—COMPENSATION—PERFORMANCE OF CONTRACT—
FINDINGS—EVIDENCE—SUFFICIENCY. A judgment for $500 as a bal-
ance due for a broker's compensation is supported by evidence that
he was to sell the land for not less than $11,000, $500. of which was
to be paid as commission, and that he was to have all that he could
get over $11,000; and that he sold it for $11,500, and the owner paid
him but $500 thereof.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered June 6, 1921,
upon findings in favor of the plaintiff, in an action to
recover a broker's commissions, tried to the court.
Affirmed.

*F. W. Girand,* for appellants.

*Del Cary Smith* and *Burton J. Onstine,* for re-
spondent.

BRIDGES, J.—The plaintiff sued the defendants to re-
cover judgment for certain commissions on the sale of
some personal property.  The defendants have appeal-
ed from a judgment in favor of the plaintiff.

The respondent has moved to dismiss the appeal,
strike the appellants' briefs, and affirm the judgment,
for the reason that the appellants have not brought
here any statement of facts, and that their briefs were
not served nor filed within the time provided by law.

[1]Reported in 207 Pac. 5.

The briefs were filed, however, before the motion to strike them was filed. We have uniformly held that an appeal will not be dismissed, where there was a trial before the court without a jury, simply because there is no statement of facts. The motion to dismiss is denied.

The only argument made here by the appellants is that the judgment is not supported by the court's findings of fact. The substance of those findings is that the appellants were the owners of certain personal property which they were desirous of selling for $11,000. They listed the property with the respondent for sale at that sum, and agreed to pay respondent $500 commission if he found a purchaser at those figures. Later respondent learned that certain other persons had some clients who might be willing to buy the property in question. He then associated those persons with himself in an effort to sell the property. Thereafter the respondent's representative and a representative of his associates took the matter up with the appellants and it was agreed that the property was to be sold for not less than $11,000, $500 of which was to be paid by them to the respondent, and respondent's associates were to have for their services any sum over and above $11,000. Subsequently the property was sold to persons presented by respondent and his associates for $11,500. The appellants paid respondent's associates $500 and retained the balance of $11,000, and refused to pay the respondent any commission. The court concluded from these facts that the respondent was entitled to judgment in the sum of $500. It seems to us beyond question that those findings clearly support the judgment.

Judgment affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.